DEAN v. DEAN. (No. 5754.)

(Court of Civil Appeals of Texas. Austin. May 30, 1917. Rehearing Denied June 27, 1917.)

1. DEEDS ☞78—FRAUD.

In suit by a daughter against her father to set aside her deed, case *held* for the jury under the evidence, though the evidence tending to support the allegations of deceit and fraud was rather meager and given by plaintiff alone, who, on cross-examination, made statements tending to weaken the force of her testimony.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 648.]

2. TRIAL ☞140(2)—CREDIBILITY OF WITNESS —QUESTION FOR JURY.

The credibility of plaintiff as a witness and the weight to be given her testimony are for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 335.]

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by Edna Dean against Charles Dean. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Williams & Williams, of Waco, for appellant. Stribling & Stribling, of Waco, for appellee.

KEY, C. J. Appellant brought this suit against appellee, who is her father, and sought to have a deed executed by her set aside, and to recover the property conveyed to appellee by the deed. If the material allegations contained in her petition are true, appellant is entitled to the relief sought.

As the trial court instructed a verdict for the defendant, it is not necessary to state the particulars of the answer filed by him, further than to say that it contained, among other things, a plea of not guilty, a general denial, and a special answer containing averments which, if true, will defeat the plaintiff's alleged right of action.

After the plaintiff closed her testimony, the court granted the defendant's request and instructed a verdict for him, and that ruling and action is assigned as error and constitutes appellant's ground for asking a reversal of the case.

We have carefully considered the testimony contained in the statement of facts in connection with the able briefs and arguments presented by counsel for the respective parties, and have reached the conclusion that the court committed material and substantial error when it denied to appellant the right to have her case passed upon by a jury and instructed a verdict for appellee.

[1, 2] As the case will be sent back for trial before a jury, and as the action of that body in deciding the questions which will be submitted to it should not be influenced by the opinion of this, or any other, court, we shall refrain from here entering upon a discussion of the testimony, and content ourselves with the mere statement that, in our opinion, there was sufficient evidence tending to sustain the material allegations in the plaintiff's petition to entitle her to a jury trial upon those issues. It is true that the evidence tending to support the allegations of deceit and fraud was given by the plaintiff alone, and it may be conceded that it was rather meager, and that upon cross-examination she made statements tending to weaken the force of her testimony upon direct examination; but, under a long line of decisions in this state, it was the sole province of the jury to determine the credibility of the witness and weight to be given to her testimony.

The other questions presented in appellant's brief have been considered and are decided against her.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.